IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EC SOURCE SERVICES,<br><br>                Plaintiff,<br>v.<br><br>BURNDY LLC,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S SHORT FORM DISCOVERY MOTION<br><br>Case No. 2:16-cv-122 JNP<br><br>District Judge Jill Parrish<br><br>Magistrate Judge Brooke Wells |

Before the court is Plaintiff, EC Source Services, Motion for Short Form Discovery regarding Interrogatory Response and Document Request.[1] The court heard argument concerning Plaintiff's motion on July 27, 2018. Clint Hansen appeared for Plaintiff and Phillip Ferguson and Scot Boyd appeared for Defendant. Having considered the parties' memoranda, relevant case law and having heard oral argument the court will grant Plaintiff's motion.

BACKGROUND

This lawsuit centers on the installation and failure of splices used to connect electrical cables on PacifiCorp's Sigurd-Red Butte 345 kV Transmission Line Project.[2] Defendant manufactured the splices and Plaintiff claims the connectors failed due to an apparent design flaw. In contrast, Defendant claims there were problems with the installation that led to the failures.

The current dispute centers on Plaintiff's Fourth Set of Discovery Requests, which were served on April 19, 2018. Plaintiff also seeks reasonable expenses. The specific requests at issue are Interrogatories 13, 14 and 15, and Document Requests 56-62. Defendant did not

---

[1] ECF No. 54.

[2] Complaint p. 2.

provide responses or objections to the requests by the applicable deadline. When asked about this failure during oral argument, counsel alleged the discovery requests are sufficiently similar to prior requests, that a timely response was not necessary. Further, Plaintiff was given an opportunity to ask Defendant's 30(b)(6) witness the Interrogatories during a deposition, so any prejudice by not timely answering the discovery requests is minimal.

DISCUSSION

The Federal Rules of Civil Procedure govern discovery in federal civil actions. Federal district courts have broad discretion over discovery.[3] Rule 26 provides that parties

> may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.[4]

Information within the scope of discovery need not be admissible in evidence at trial to be discoverable.[5] Under Rule 26(c), a court on its own, or via motion, may limit discovery.[6] Such limitations help prevent discovery that is unreasonably cumulative or duplicative and encourages parties to obtain discovery from convenient less burdensome inexpensive sources.[7]

I. Interrogatories

The Interrogatories at issue in the current motion are contention interrogatories and are fairly similar in their nature. Interrogatory No. 13 states: "Please describe in detail all facts and

---

[3] See *Morales v. E.D. Etnyre & Co.*, 229 F.R.D. 661, 662 (D.N.M. 2005) (citing cases).

[4] Fed. R. Civ. P. 26(b) (2018).

[5] *See id.*.

[6] Fed. R. Civ. P. 26(c) (A court may issue a protective order "for good cause ... to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.").

[7] *See id.*

2

legal authority supporting your thirteenth affirmative defense."[8]  Interrogatory No. 14 provides: "Please describe in detail all facts and legal authority supporting your sixteenth affirmative defense."[9]  And Interrogatory No. 15 states: "Please describe in detail all facts and legal authority supporting your seventeenth affirmative defense."[10]

In resisting responding to the Interrogatories Defendant relies on an unpublished decision from this district, *P.J. Ex. Rel. Jensen v. Utah*.[11]  Defendant argues it does not need to answer these Interrogatories because they seek information protected by work-product privileges.  In *Jensen*, Judge Warner determined that the interrogatories, as written, violated work-product protection, and re-wrote them to focus on those facts, documents, and data the plaintiffs intended to use at trial relating to their contentions.[12]  In contrast, Plaintiff argues contention interrogatories are not viewed as violating the work-product privilege by the majority of courts that have addressed this issue.[13]  Thus, they should be answered.  The court agrees with Plaintiff to the extent that contention interrogatories are permissible under the Federal Rules and allowed by courts.  Indeed, the "general view is that contention interrogatories are a perfectly permissible form of discovery, to which a response ordinarily would be required."[14]  *Jensen* does not stand for the proposition that all contention interrogatories are forbidden or implicate work-product

---

[8] Short form mtn ex. A p. 3, ECF No. 54.

[9] *Id.*

[10] *Id.*

[11] 247 F.R.D. 664, 673, 2007 WL 4246319 (D. Utah 2007).

[12] *See id.*

[13] *See e.g., Woods v. DeAngelo Marine Exhaust, Inc.*, 692 F.3d 1272, 1280, 2012 WL 3683536 (Fed. Cir. 2012) (noting the important purpose of contention interrogatories in "helping to discover facts supporting the theories of the parties"); *Starcher v. Correctional Medical Systems, Inc.*, 144 F.3d 418 n.2 ("'Contention' interrogatories are interrogatories that seek to clarify the basis for or scope of an adversary's legal claims. The general view is that contention interrogatories are a perfectly permissible form of discovery, to which a response ordinarily would be required."); *In re San Juan Dupont Plaza Hotel Fire Litig.*, 859 F.2d 1007, 1015-17 (1st Cir. 1988) (noting the abecedarian verity that "not every item which may reveal some inkling of a lawyer's mental impressions, conclusions, opinions, or legal theories is protected as opinion work product").

[14] *Starcher*, 144 F.3d 418 n.2.

issues. Rather, they need to be examined by a court and then modified if necessary. Such an approach has been used in this Circuit.[15] And, cases in this district have approved their use and ordered them answered.[16]

In responding to Defendants argument that the Interrogatories violate the work-product doctrine, Plaintiff agrees with the type of modification used by Judge Warner stating that it "would be an acceptable solution."[17] Therefore, given Plaintiff's agreement, the general acceptance of contention interrogatories in this Circuit and without finding these particular contention interrogatories violate work-product protection, the court will order Defendant to answer Interrogatories 13, 14 and 15 modified as follows:

> Interrogatory No. 13 - Please describe in detail all facts and legal authority you intend to use at trial that support your thirteenth affirmative defense.
> Interrogatory No. 14 - Please describe in detail all facts and legal authority you intend to use at trial that support your sixteenth affirmative defense.
> Interrogatory No. 15 - Please describe in detail all facts and legal authority you intend to use at trial that support your seventeenth affirmative defense.

---

[15] *See e.g., Frederick v. Hartford Underwriters Ins. Co.,* 683 F.3d 1242, 1247, 2012 WL 2443100 (10th Cir. 2012) (permitting the use of contention interrogatories to establish an amount in controversy); *Oklahoma v. Tyson Foods, Inc.*, 262 F.R.D. 617, 630, 2009 WL 3682757 (N.D. Okla. 2009) ("Rule 33 expressly permits contention interrogatories that delve into opinion work product 'because it asks for an opinion or contention that relates to fact or the application of law to fact.'") (quoting Fed. R. Civ. P. 33(a)(2)); *Lucero v. Valdez,* 240 F.R.D. 591, 594, 2007 WL 737918 (D.N.M. 2007) ("Interrogatories may ask for the material or principal facts that support a party's contentions, and contention interrogatories that do not encompass every allegation, or a significant number of allegations, made by a party are proper."); *Johnson v. Kraft Foods N. Am., Inc*., 236 F.R.D. 535, 544, 2006 WL 1675942 (D. Kan. 2006) (noting that contention interrogatories "may be used to narrow and define the issues for trial"); *IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321, 1998 WL 264735 (D. Kan. 1998) (rejecting certain contention interrogatories which asked the plaintiff for every fact and every application of law to fact which supported allegations in the complaint but allowing others that were not as broad);

[16] *See e.g., In re Brca1-& Brca2-based Hereditary Cancer Test Patent Litig*., 2014 WL 12600708, at *1 (D. Utah Nov. 19, 2014) (noting the value of contention interrogatories); *Christison v. Biogen Idec*, 2014 WL 3749191, at *3 (D. Utah July 29, 2014) (ordering the plaintiff to answer defendant's contention interrogatories); *IOSTAR Corp. v. Stuart*, 2008 WL 1924209, at *2 (D. Utah Apr. 25, 2008) (stating that contention interrogatories are fairly common in complex cases).

[17] Reply p. 2, ECF No. 56.

II.     Document Requests 56-62

Document Requests 56-62 pertain to "the Red Chris Mine and earlier incidents"[18] involving Defendant's products. Defendant resists their production because the earlier incidents are not similar enough to be discoverable, to wit, they use different wire and different parts. These differences, in the court's view, do not make their production prohibited at the broad discovery stage of litigation. Rather, as noted previously in resolving a dispute that arose during a deposition, such differences may be the basis for a motion in limine. The court finds the document requests relevant at this stage of the litigation and proportional to the needs of the case. Accordingly, Defendant is to provide responses to them.

III.    Other considerations and fees

The court is not persuaded that the instant discovery requests are sufficiently similar to prior requests to make them duplicative. Thus the court rejects Defendants argument that a timely response was unnecessary due to their similarity. Additionally, the court is concerned by Defendant's unresponsiveness to the discovery requests by the deadline and finds that fees and costs are appropriate under the Federal Rules. Accordingly, the court grants Plaintiff the reasonable fees and costs associated in bringing this motion. Plaintiff is to submit a proposed order and an affidavit to the court within seven (7) days from the date of this decision.

CONCLUSION AND ORDER

Based upon the foregoing it is hereby ORDERED that Plaintiff's short form discovery motion is GRANTED. Defendant is to provide responses to the discovery requests within thirty (30) days from the date of this decision.

---

[18] Op. p. 2.

IT IS SO ORDERED.

DATED this 30 July 2018.

_____
Brooke C. Wells
United States Magistrate Judge